UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JEFFREY ROY CROSBY,                        )
                                           )
              Plaintiff,                   )
                                           )
       v.                                  )      No. 2:24-cv-00060-JPH-MG
                                           )
J. KALLIS Complex Warden,                  )
OFFICER JANE DOE A-2 Unit,                 )
SAJNAJ Officer,                            )
TURNER Unit Manager,                       )
COX P.A.,                                  )
                                           )
              Defendants.                  )

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING
FURTHER PROCEEDINGS**

Plaintiff Jeffrey Crosby is a prisoner currently incarcerated at the United

States Penitentiary – Terre Haute (USP – Terre Haute). He originally filed this civil

action against several USP – Terre Haute staffers, which the Court found failed

to state a claim. Dkt. 13. The Court provided Mr. Crosby the opportunity to file

an amended complaint, and he has done so. Dkt. 14. Because the plaintiff is a

"prisoner," this Court must screen the amended complaint before service on any

defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

1

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720

(7th Cir. 2017).

## II. The Amended Complaint

Mr. Crosby's factual allegations are accepted as true at the pleading stage.

*See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The amended

complaint's sole named defendant is the United States.

Mr. Crosby, who is now in his seventies, has been a federal prisoner since

1995. In 2010, while in the United States Penitentiary – Victorville (CA), he was

brutally assaulted by another inmate, nearly killing him. Thereafter, the Bureau

of Prisons (BOP) transferred him to USP – Terre Haute, supposedly for Mr.

Crosby's protection. In addition to his advanced age, Mr. Crosby also has

Parkinson's Disease and a severe cervical neck ailment from his neck being

broken in 1993.

On January 12, 2023, Mr. Crosby's caseworker assigned him a new

cellmate with known violent tendencies who had assaulted at least five previous

cellmates in another federal prison, and who was a member of a violent prison

gang. On February 16, 2023, the cellmate attacked Mr. Crosby, punching and kicking him until he lost consciousness. The attack left Mr. Crosby with a fractured skull and injuries to his ribs and hand. The next day, the cellmate was placed in segregation after attacking a prison staffer. Mr. Crosby's skull and hand were x-rayed after the incident, and he was told by medical staff that he would be referred to an outside specialist for treatment of his skull fracture, but he never did receive such treatment or any treatment at all thereafter, except for pain medication. Mr. Crosby filed an administrative tort claim about the attack and lack of medical treatment, which was denied.

Mr. Crosby is seeking damages related to the failure of USP – Terre Haute's staff to protect him from attack by a known violent inmate and by failing to provide adequate medical treatment for his resulting injuries.

### III. Discussion of Claims

Because Mr. Crosby's amended complaint names only the United States as a defendant, it is apparent that he now wishes this case to proceed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* The FTCA provides that the United States is liable for money damages for personal injury caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her employment if a private person would be liable to the claimant under the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1); *see also 28 Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991) ("[T]he FTCA incorporates the substantive law of the state where the tortious act or omission occurred[.]").

3

As a federal matter, 18 U.S.C. § 4202 fixes the duty of care owed by the BOP to its inmates. *United States v. Muniz*, 374 U.S. 150, 164-65 (1963). In part, the statute provides that the BOP must "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise . . . ." 18 U.S.C. § 4042(a)(2). Although the FTCA imposes liability based on violations of state law, it does not appear that Indiana law appreciably differs from § 4204 as to the duty the BOP owes to prisoners. *See Parrott v. United States*, 536 F.3d 629, 636–37 (7th Cir. 2008). *See also Williams v. Indiana Dep't of Correction*, 142 N.E.3d 986, 1008 (Ind. Ct. App. 2020) (holding that Indiana prisons have "the duty to take reasonable precautions to preserve the life, health, and safety of prisoners.") (cleaned up); *Siner v. Kindred Hosp. Ltd. Partnership*, 51 N.E.3d 1184, 1187 (Ind. 2016) (reciting elements of state medical malpractice claim). There also is nothing apparent on the face of Mr. Crosby's complaint to indicate that an exemption to liability under the FTCA would apply here. *See Palay v. United States*, 349 F.3d 418, 431 (7th Cir. 2003) (reversing dismissal of FTCA complaint alleging failure to protect plaintiff from another inmate).

## IV. Conclusion and Service of Process

Under the above standards, Mr. Crosby's claims in the amended complaint **shall proceed** against the United States under the FTCA based on allegations that BOP/USP – Terre Haute officials failed to protect him from attack by a known violent inmate and failed to provide needed medical care thereafter. The

first claim will proceed as a general negligence claim and the second will proceed as a medical malpractice claim.

The **clerk is directed** to terminate Warden J. Kallis, Officer Jane Doe, Officer Sajnaj, Unit Manager Turner, and P.A. Cox as defendants on the docket, and to add the United States of America as a defendant.

The **clerk is directed** to issue a single summons to the United States attorney for this district and the Attorney General of the United States at Washington, D.C., pursuant to Fed. R. Civ. P. 4(i)(1). The Marshal for this District is directed to **serve** the summons and complaint by registered or certified mail at the expense of the United States.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 2/12/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEFFREY ROY CROSBY
01961-043
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronic Notice to USM-C